UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOB OSWELL PATOUT,

        Plaintiff,

v.                                  Case No. 8:08-cv-1041-T-24EAJ

ROBIN KESTER, Public Defender Office Assistance
MARY WOLF, Public Defender Office Assistance,
PRIVATE ATTORNEY MICHAEL BOSSEN, Jacksonville, FL,
PRIVATE ATTORNEY LAURA A. GRIFFIN, Ponte Vedra Beach, FL,
DANNA M. DRUKKER, Assistant Public Defender, Tallahassee, FL,
LAURIE SISTRUNK, Assistant Public Defender, Jacksonville, FL,
MICHAEL HOWARD, Assistant Public Defender, Jacksonville, FL,

        Defendants.

_____

**O R D E R**

        The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that Plaintiff's claim is barred by the statute of limitations.

        Section 1915A(a) requires the district court to perform a screening review of any civil complaint filed by a prisoner against a government official. Such a complaint may be

dismissed if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Dismissal of a prisoner's complaint as time-barred prior to service will also be appropriate if it "appear[s] beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.' " *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir.2003) (citing *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1280 (11th Cir.2001)). *See Burt v. Martin*, 193 F.3d. Appx. 829, 830 (11th Cir. 2006).

The United States Supreme Court interprets the dictates of section 1988 as requiring in all section 1983 actions the application of the state limitations statute governing personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985); *Mullinax v. McElhenney,* 817 F.2d 711, 716 n.2 (11th Cir. 1987). Thus, under *Wilson*, the proper limitations period for all section 1983 actions in Florida is the four-year limitations period set forth in Fla. Stat. § 95.11(3).

A cause of action accrues for purposes of determining when the statute of limitations period began to run when the Plaintiff knew or should have known of his injury and its cause. *Bowling v. Founders Title Co.*, 773 F.2d 1175, 1178 (11th Cir.1985); *Free v. Granger*, 887 F.2d 1552, 1555-56 (11th Cir.1989). Patout alleges that the violation of his Constitutional right to have a fair trial and be represented by competent counsel occurred in 1999. However, Patout did not sign the complaint in the instant action until May 22, 2008, more than seven years later. Accordingly, Patout's complaint is barred by the four-year statute of limitations.

In addition, this civil rights complaint is really in the nature of a petition for writ of habeas corpus. The relief Patout seeks is to "go free on bond till trialed [sic] on evidence or drop all charges."

Finally, in any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and

> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).  Patout cannot sue public defenders under 42 U.S.C. § 1983 because a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312 (1981).  Likewise, he cannot sue a private attorney under section 1983 because a private attorney is not a state actor.

**Accordingly, the Court orders:**

That Plaintiff Patout's complaint is dismissed.  The Clerk is directed to enter judgment against Plaintiff Patout, to terminate all pending motions, and to close this case.

ORDERED at Tampa, Florida, on May 30, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Bob Oswell Patout